IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 9, 2024

## STATE OF TENNESSEE v. DEDRICK WIGGINS

**Appeal from the Criminal Court for Shelby County**
No. 14-01751      Chris Craft, Judge

_____

### No. W2024-00035-CCA-R3-CD

_____

The pro se Defendant, Dedrick Wiggins, appeals the summary denial of his Tennessee Rules of Criminal Procedure 36.1 motion to correct an illegal sentence. Because the Defendant has not raised a colorable claim for Rule 36.1 relief, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and ROBERT W. WEDEMEYER, J., joined.

Dedrick Wiggins, Tiptonville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Johnny Cerisano, Assistant Attorney General; Steve Mulroy, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

On November 6, 2013, Larry Richards was shot to death on the front porch of a Memphis residence after being pursued by a group of five or six men in two separate vehicles who exited their vehicles and fired multiple gunshots at him as he ran onto the porch screaming for help. *State v. Wiggins*, No. W2017-00926-CCA-R3-CD, 2018 WL 3815061, at *1 (Tenn. Crim. App. Aug. 8, 2018), *no perm. app. filed*. A next-door neighbor witnessed the shooting from inside his home and called 911 after the assailants had fled. *Id*. Prior to his death, the victim told two responding police officers that the Defendant was the one responsible and "that the shooting was 'over a girl.'" *Id*. at *1-2.

The Defendant was indicted by the Shelby County Grand Jury for first degree premeditated murder, first degree felony murder, and three counts of convicted felon in possession of a firearm. *Id*. at *1. At the conclusion of the May 2016 trial, the jury convicted the Defendant of the lesser-included offense of second degree murder in both counts one and two, and the Defendant pled guilty as a Range II, multiple offender to three counts of convicted felon in possession of a firearm in counts three through five. *Id*. at *5. The trial court merged the second degree murder conviction in count two into the second degree murder conviction in count one and sentenced the Defendant as a Range II offender to thirty-five years at 100% for that conviction. *Id*. Pursuant to the terms of the Defendant's negotiated plea agreement for the remaining three counts, the trial court sentenced the Defendant as a Range II offender to six years for counts three and four and four years for count five "and ordered all to run concurrently, for a total effective sentence of thirty-five years." *Id*.

On November 21, 2023, the Defendant filed a "Motion to Correct Illegal Sentence Pursuant to Tenn. R. Crim. Proc., Rule 36.1." As best as we can understand from the pro se motion, the Defendant alleged that he was illegally sentenced as a Range II multiple offender for the murder conviction and illegally ordered to serve 100% of the sentence, that his three convictions for convicted felon in possession of a firearm violated the prohibition against double jeopardy because he was in possession of only a single firearm during the offense, and that his dual convictions for second degree murder violated double jeopardy principles because there was only one murder and no proof of either a robbery or an attempted robbery as charged in the felony murder count of the indictment. The Defendant asserted that these various "fatal errors" rendered all his sentences illegal and justified Rule 36.1 relief.

On December 4, 2023, the trial court denied the motion on the basis that all the sentences were authorized by statute and the motion failed to state a colorable claim for Rule 36.1 relief. On January 4, 2024, the Defendant filed a timely notice of appeal to this court.

## ANALYSIS

The Defendant argues on appeal that the trial court erred by summarily dismissing his motion without appointing counsel or requiring a response from the State. The State argues that the trial court properly denied the motion without a hearing because the Defendant failed to allege an illegal sentence within the meaning of Rule 36.1.

Rule 36.1 provides "a mechanism for the defendant or the State to seek to correct an illegal sentence." *State v. Brown*, 479 S.W.3d 200, 208-09 (Tenn. 2015). An illegal sentence is defined as "one that is not authorized by the applicable statutes or that directly

contravenes an applicable statute." Tenn. R. Crim. P. 36.1(2). When a defendant files a motion under Rule 36.1, the trial court must determine whether the motion "states a colorable claim that the unexpired sentence is illegal[.]" Tenn. R. Crim. P. 36.1(3).

In the context of Rule 36.1, a colorable claim is a claim that, "if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015). Our supreme court has classified the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal), and fatal errors (those so profound as to render a sentence illegal and void). *Id.* at 594-95. Fatal errors are "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* Only fatal errors render sentences illegal. *Id.*

We agree with the trial court and the State that the Defendant has not alleged a colorable claim for Rule 36.1 relief. The range classification issue raised by the Defendant is an appealable error that is not cognizable in a Rule 36.1 motion. *See, e.g., State v. Ramos,* No. M2016-02187-CCA-R3-CD, 2017 WL 2800148, at *2 (Tenn. Crim. App. June 28, 2017), *no perm. app. filed* ("Finally, Defendant's claim that . . . his offender classification is incorrect is classified as an appealable error and therefore not proper for a Rule 36.1 motion."); *State v. Williams,* No. W2015-00662-CCA-R3-CD, 2016 WL 1385613, at *2 (Tenn. Crim. App. Apr. 6, 2016), *no perm. app. filed* ("Although the Petitioner may have contested the propriety of his offender classification on direct appeal, Rule 36.1 is not an alternative mechanism to challenge the findings of the trial court."). The Defendant's claim that his convictions violate principles of double jeopardy is also not a cognizable claim for Rule 36.1 relief. *See State v. Johnson*, No. M2023-01477-CCA-R3, 2024 WL 2795847, at *1 (Tenn. Crim. App. May 31, 2024) ("[T]his court has repeatedly held that violations of double jeopardy principles are not colorable claims for purposes of Rule 36.1.") (citations omitted).

## CONCLUSION

Based on our review, we conclude that the trial court properly denied the Defendant's motion for Rule 36.1 relief. Accordingly, we affirm the judgment of the trial court.

_____
JOHN W. CAMPBELL, SR., JUDGE